O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | NO. LA CV 15-00790-VBF-MAN |
| Petitioner, | ORDER |
| v. | Dismissing the Habeas Corpus Petition with Prejudice pursuant to Res Judicata Doctrine; |
| PLANT, | Denying a Certificate of Appealability; |
| Respondent. | Directing the Entry of Separate Final Judgment |

Proceeding *pro se*, California state prisoner Gary Dale Barger filed a habeas corpus petition in the U.S. District Court for the Northern District of California on January 27, 2015. *See* CM/ECF Document ("Doc") 1. On February 3, 2015, that court issued an order (Doc 6) which transferred the petition here because petitioner attacks a Ventura County Superior Court conviction. The Clerk's Office forwarded to chambers his motion to disqualify the undersigned Judge and the Magistrate Judge, bearing the docket number of this case, but chambers staff misplaced the paper original before it could be scanned and filed.[1]

---

[1]Proceedings in Gary Barger's Case No. LA CV 15-00735-VBF-MAN

The Clerk's Office also received a motion by Barger to disqualify the undersigned and the Magistrate Judge in C.D. Cal. civil case no. 2:15-00735, and filed it in that case as of February 23, 2015. By Order issued February 24, 2015 (735 Doc 13), the Clerk's Office referred that motion to Judge Otero for decision pursuant to General Order 14-03 (June 2, 2014) at 16:16-19 (Sec. II.F) ("If a motion is made to disqualify a district judge in any case, the motion will be referred to the Clerk for random assignment to another district judge in the same division from a division-specific Motions to Disqualify Deck.").

On February 26, 2015, Judge Otero issued an Order (735 Doc 14) denying the motion to disqualify

1    Accordingly, on February 26, 2015, this Court issued an Order which stated in pertinent part as follows:

2

3       **The Court invites petitioner to submit another copy of the motion to the Clerk's Office.**

4       *See Frankel v. NYC Dep't of Enviro. Protection*, 2008 WL 2156722, *1 (S.D.N.Y. May 20,

5       2008) (after plaintiff sent a letter stating that the record should reflect that he had submitted

6       a "Replacement Exhibit 20", the Pro Se Office "forwarded to me a 2/26/08 letter sent to it

7       _____

8    the District Judge and the Magistrate Judge in the 735 case.  Judge Otero stated as follows: "Overall,
     Plaintiff alleges no facts, let alone sufficient facts, for a reasonable person to conclude that the impartiality

9    of any judge presiding over this matter might reasonably be questioned.  Plaintiff's generalized qualms with
     judges, unspecified conflicts of interest, and the assertion that Plaintiff attempted to file suit against the

10   Court fall far short of demonstrating a sufficient bias to require recusal." Doc 14 at 2 (internal cite omitted).

11       On March 24, 2015, this Court received a two-page document from Barger in the 15-735 case
     entitled "Disqualification of Judge Fairbank and Magistrate Judge Nagle section 455. Fed. R Civ. P." *See*

12   Doc 15 at 2-3.  **On March 25, 2015, the Court issued a Notice of Document Discrepancies (Form CV-
     104A)** rejecting the document for filing, explaining:

13

14       Order issued 2/11/15 (Doc 11) dismissed complaint without leave to amend and closed the
         case. Plaintiff nonetheless filed motion to disqualify district and magistrate judge 2/23/2015

15       (Doc 12).  That motion was accepted, referred to another Judge 2/24/15 (Doc 13), & denied
         2/26/15 (Doc 14).  *The instant motion is therefore late, redundant, and moot.*

16       If plaintiff intended to file this motion in another case, he must submit the motion to the
         Clerk's Office bearing the docket number of that case.

17

18   Doc 15 at 1.

19       On March 25, 2015, the Court received a document from Barger in the 15-735 case entitled "Motion
     to Close Case / Conflict of Interest."  *See* Doc 17 at 2-5.  **On March 27, 2015, the Court issued a Notice**

20   **of Document Discrepancies rejecting the document for filing**, stating as follows:

21       FRCP 11(a): document is not signed.  Also, this case closed on 2/13/15, and plaintiff's
         postjudgment motion to disqualify was denied on 2/26/15.  A second post judgment motion

22       to disqualify was rejected for filing by Document #15 on March 25, 2015.

23   Doc 17 at 1.

24       Finally, on March 30, 2015, the Court received a document from Barger in the 15-735 case entitled
     "All Pertaining to This Case No. 15-cv-00145-WHO (DR)" and "Motion of Reference or Transfer to Cure

25   Want of Jurisdiction § 1631 Fed. R. Civ. P. Augment of New Complaints & Habeas Corpus Judgment as
     a Matter of Law [sic]."  *See* Doc 18 at 2-7.  **On April 6, 2015, the Court issued a Notice of Document**

26   **Discrepancies rejecting the document for filing, stating as follows:**

27       As plaintiff has been advised repeatedly, this case was closed on 2/11/15.  No further filings
         in this closed case will be accepted.

28   Doc 18 at 1.  There have been no other filings or attempted filings in the 15-735 case since April 6, 2015.

2

by Mr. Frankel (copy enclosed).  Attached to it are . . . stamps, but no copies of the 'replacement exhibit 20.'  They may have been misplaced.  Accordingly, I request Mr. Frankel to mail another 'replacement Exhibit 20' . . . ."); *Sefton v. Webbworld, Inc.*, 2001 WL 1512067, *2 (N.D. Tex. Nov. 21, 2001) ("The Copyright Office informed Sefton that, while its records reflected that it had received and application and deposit . . . on June 9, 1997, it could not find the application and deposit.  Consequently, the Copyright Office requested Sefton to resend the materials so it could finish processing his application."). [footnote 2 omitted]

\* \* \*

Petitioner **MAY MAIL** the Clerk's Office another copy of his motion to disqualify the Magistrate Judge and District Judge in this case, civil case number 2:15-00790-VBF-MAN.

If the Court receives such motion, it will be filed and assigned to District Judge Otero for decision. [footnote 3:  *See* C.D. Cal. General Order 14-03 (June 02, 2014) (Section II.F, Motions to Disqualify) at page 17 lines 15-17 . . . .]

Doc 9 at 2.  Although the Order issued on Thursday, February 26, 2015, the Court will assume for petitioner's sake that the Clerk's Office did not mail the Order until Friday, February 27, 2015.  Although U.S. Postal Service regulations express a general expectation that first-class mail will typically arrive at its destination within the United States within three mailing days, the Court will assume for petitioner's sake that he did not receive the Order until the fourth mailing day, Tuesday, March 3, 2015.  Even so, more than seven weeks have elapsed since then, and the Court has received no disqualification or recusal motion bearing this case's docket number.  Accordingly, **the Court will proceed to the merits of the petition without waiting longer for petitioner to possibly file a disqualification / recusal motion.**

Proceeding *pro se*, California state prisoner Gary Dale Barger also known as Gary Francis Fisher ("petitioner") filed a document entitled "Petition for a Writ of Habeas Corpus" in the United States District Court for the Northern District of California on January 27, 2015 ("petition").  On February 3, 2015, United

3

1    States Magistrate Judge Carolyn K. Delaney of that court issued an order transferring the petition to this

2    district, because petitioner "attacks a conviction issued by the Superior Court of Ventura County."[2]

3        Petitioner is a California state prisoner and a frequent federal-court litigant.[3]  He is presently

4    incarcerated pursuant to a conviction he sustained in 2012, in Kern County Superior Court Case No.

5    BF134705A.  (*See Fisher v. Barrios*, No. LA CV 13-08599-VBF-MAN, Doc 2 Ex. 1, transcript of January

6    6, 2012 change-of-plea hearing and other documents from Kern Cty. Super. Ct. Case No. BF134705A.)  By

7    the instant petition, he challenges the validity of a conviction sustained in Ventura County Superior Court

8    on April 30, 2002 (the "2002 Conviction"), which he alleges "didn't happen." Pet. at 1. Petitioner expressly

9    admits that he is not in custody pursuant to the 2002 Conviction.  *Id.* at 1 (petitioner circled "NO" when

10   asked, "Are you now in custody serving this term? ('In custody' means in jail, on parole or probation, etc.).")

11       **The Court notes that petitioner has repeatedly challenged the validity of the 2002 Conviction**

12   **in this district, through prior habeas actions *Fisher v. Planet*, LA CV 14-04450-VBF-MAN, and *Fisher***

13   ***v. Planet*, LA CV 14-03356-VBF-MAN.**  These prior habeas actions were dismissed, with prejudice, as

14   untimely by Judgments entered on September 16, 2014 and September 18, 2014.  *See* LA CV 14-04450-

15   VBF-MAN Doc 9 (Order Dismissing Habeas Petition With Prejudice and Denying a COA) and Doc 10

16   (Rule 58 Judgment); *see also* LA CV 14-03356-VBF-MAN Doc 11 (Order Dismissing Habeas Petition With

17   Prejudice and Denying a COA) and Doc 12 (Rule 58 Judgment).

18       Petitioner did not appeal the dismissals.  Nor did he move to extend the time for filing a notice of

19   appeal pursuant to Fed. R. App. P. 4(a)(5) or to reopen the time for filing a notice of appeal pursuant to Fed.

20

---

21       [2]On February ____, 2015, petitioner filed a document entitled "Motion to Disqualify Judge and
22   Magistrate § 455, Fed. R. Civ. P. § 455."  The substance of the motion stated, in its entirety,

23       I move to ask the formal disqualification of Judge Valerie Baker Fairbank, Senior Judge or
        not there is a conflict of interest [sic].  And the sidekick Magistrate Magarate [sic] Nagle,
24      who without those inate [sic] rulings I wouldn't be on 3 strike shit status [sic].  In
        Fairbank[']s position Senior Judge, she shouldn't conceive [sic] my actions as she does. I've
25      also filed suit on the Central District due to these rulings.  Judges or not they still enrapture
        over monetary gain.

26   Doc ___ at 1-2.  By Order issued February 25, 2015 (Doc ___), this Court denied the motion as conclusory,
27   vague, and unsupported as to both the undersigned District Judge and the Magistrate Judge.

28       [3]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of
     petitioner's numerous filings in this district under the names Gary Francis Fisher and Gary Dale Barger.

4

1   R. App. P. 4(a)(6), and the time for appeal is long past in both cases.  In any event, this Court's

2   aforementioned September 12, 2014 and September 14, 2014 Judgments would be final, for purposes of res

3   judicata, even if petitioner had timely noticed an appeal to the Ninth Circuit.  The federal rule on the

4   preclusive effect of a federal-court judgment is that the pendency of an appeal does not suspend the

5   operation of an otherwise final federal-court judgment for purposes of res judicata.  *See Sosa v. DirecTV,*

6   *Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir.

7   1985) (citing 1B J. Moore, J. Lucas, and T. Currier, Moore's Fed. Practice ¶ 0.416[3] at 521 (2d ed. 1983))).

8        Petitioner Barger did not file a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which

9   he was allowed to do within 28 calendar days after issuance of each Judgment, *see DePrins v. Clark*, 566

10  F. App'x 608, 610 (9th Cir. 2014) (footnote 3 omitted), nor did he file a motion for relief from judgment

11  pursuant to Fed. R. Civ. P. 60(b).

12       Thus, the judgment issued by this Court on September 16, 2014 in case number LA CV 14-03356-

13  VBF-MAN, and the judgment issued by this Court on September 18, 2014 in LA CV 14-04450-VBF-MAN,

14  are final.  **Accordingly, each of the Court's prior determinations that petitioner's challenge to the**

15  **constitutionality of the 2002 Conviction is time-barred, is *res judicata*.**

16

17       "This Court has long recognized that '[p]ublic policy dictates that there be an end of litigation; that

18  those who have contested an issue shall be bound by the result of the contest, and that matters once tried

19  shall be considered forever settled as between the parties.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S.

20  394, 401, 101 S. Ct. 2424, 2429 (1981) (quoting *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522, 525, 51

21  S. Ct. 517, 518 (1931).  "The doctrine of *res judicata* provides that a final judgment on the merits bars

22  further claims by parties or their privies based on the same cause of action." *Tahoe–Sierra Pres. Council,*

23  *Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) ("*Tahoe-Sierra*") (internal

24  quotation marks omitted).  The res judicata doctrine "is meant to protect parties against being harassed by

25  repetitive actions", *see Tahoe–Sierra*, 322 F.3d at 1077 (internal quotation marks omitted).

26       **The doctrine of res judicata applies in and to federal habeas corpus proceedings.**  *See Schlup*

27  *v. Delo*, 513 U.S. 298, 317-323, 115 S. Ct. 851 (1995) (describing the adoption in habeas proceedings,

28  through legislation and judicial decisions, of a modified res judicata doctrine), *noted in Magwood v.*

5

1    *Patterson*, 561 U.S. 320, 345, 130 S. Ct. 2788, 2805 (2010) (J. Kennedy, dissenting on other grounds, joined

2    by C.J. Roberts and JJ. Ginsburg and Alito). **A federal habeas court must apply the res judicata doctrine**

3    **to further that goal where there was a prior final judgment on the merits on the same cause of action**

4    **and involving the same parties (or their privies)** by a state court[4] or **by a federal court**. *See, e.g., Somers*

5    *v. Schwartz*, 2010 WL 3371217, *1 (E.D. Cal. Aug. 26, 2010) (Singleton, J.) (dismissing state prisoner's

6    section 2254 petition *sua sponte* on two grounds, including the fact that "the dismissal of *Somers II*

7    [petitioner's challenge to denial of parole], which involved the same parties, is res judicata . . . ."); *Brooks*

8    *v. Yates*, 2009 WL 2914192, *12 (E.D. Cal. Sept. 8, 2009) (Snyder, M.J.) ("[T]he issue of whether

9    petitioner's aggravated sentence was legal and whether the gun-use enhancement was legal have been

10   addressed on the merits adversely to Petitioner in an earlier federal habeas case. Because the issue is now

11   res judicata, this Court cannot address those issues in this new federal petition. Accordingly, . . . , the Court

12   hereby recommends that the petition . . . be dismissed . . . on grounds of res judicata.").

13        **The instant petition, like the petitions filed in the CV 14-4450 and 14-3356 cases: argues that**

14   **the 2002 Conviction is not valid**, because petitioner never sustained such a conviction; and sues Michael

15   Planet (alleged to be a Clerk or Executive Officer of the Ventura County Superior Court) as Respondent.

16   Petitioner is bound by the final judgments in the LA CV 14-04450 and LA CV 14-03356 cases, which

17   determined that his present habeas claim is barred by the statute of limitation set forth in 28 U.S.C. §

18   2244(d)(1). *See Tahoe–Sierra Pres. Council*, 322 F.3d at 1081-84 (setting forth elements of *res judicata*

19   doctrine and observing that a prior dismissal based on statute-of-limitations grounds is a judgment on the

20   merits for *res judicata* purposes). Petitioner, therefore, is precluded from raising his present, repetitive

21   attack on the 2002 Conviction.

22        Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

23   a habeas petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached

24   exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, summary dismissal

25

26        [4]*See Carballo v. Burt*, 2014 WL 769287, *3 (C.D. Cal. Feb. 24, 2014) (John Walter, J.) ("A state
     habeas court proceeding may have a preclusive effect on a subsequent federal proceeding.") (citing, *inter*

27   *alia, Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346 (9th Cir. 1981)); *cf., e.g., Bonilla v. Uribe*, 2013
     WL 6285539 (S.D. Cal. Dec. 3, 2013) (denying reconsideration of order which "dismissed plaintiff's claims

28   [regarding his validation as a gang member] under the doctrine of res judicata, relying in part on a state trial
     court's denial of a habeas petition Plaintiff filed in 2009.").

of the instant petition is mandated, because *res judicata* bars the claim alleged in, and relief sought by, the petition.  Amendment would be futile, as any attempt to recast petitioner's attack on the validity of the 2002 Conviction could not avoid the *res judicata* bar and would be precluded by the Court's prior finding of untimeliness.  Accordingly, the petition must be dismissed with prejudice, i.e., without leave to amend.

**Finally, while a respondent may move to dismiss a habeas petition for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground of res judicata, *see Castaneda v. Foston*, 2015 WL 429602, \*5 (E.D. Cal. Feb. 2, 2015) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)), the Court need not wait for or invite such a motion.**  The Supreme Court holds that

> "if a Court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318 (2000) (citation to dissenting opinion in earlier case omitted); *see also Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 329-30 (9th Cir. 1995) (recognizing district courts' authority to raise *sua sponte* arguments of res judicata and issue preclusion).  *See, e.g., Sutherland v. Underwood*, 516 F. App'x 654 (9th Cir. 2013) (affirming, on de novo review, the district court's sua sponte dismissal of state prisoner's civil-rights action as barred by res judicata).

Moreover, federal courts have inherent powers to "fashion an appropriate sanction for conduct which abuses the judicial process," and in certain cases, dismissal of a lawsuit is an appropriate sanction.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33 (1991); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) (a court as the inherent power "to control the disposition of the causes on its docket with economy of time and effort, for itself, for counsel, and for litigants"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts "have the inherent power to control their dockets" and may dismiss a case in the exercise of that power).  Petitioner Barger's pattern of ignoring this Court's prior decisions and simply re-raising claims already resolved adversely to him

7

1   abuses the judicial process, which also warrants the *sua sponte* dismissal of this action with prejudice.

3   <u>PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY</u>

4   Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus

5   proceeding in which the detention complained of arises out of process issued by a state court" unless the

6   appellant first obtains a certificate of appealability ("COA").  Pursuant to Habeas Rule 11(a), the Court has

7   considered whether a COA is warranted.  *See* 28 U.S.C. § 2253(c)(2).  In practice, "[i]t is a 'rare step' for

8   a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013)

9   (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in

10  judgment)); *accord Vega v. US*, 2014 WL 3385168, *8 (E.D. Cal. July 10, 2014) ("The issuance of a COA

11  is 'a rare step.'") (quoting *Murden* concurrence).  A COA may issue only if "the prisoner shows, at least,

12  that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

13  constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  The Court is mindful

14  that it must resolve doubts about the propriety of a COA in petitioner's favor, *see Lambright v. Stewart*, 220

15  F.3d 1022, 1025 (9th Cir. 2000) (en banc), but no such doubt exists here.  Reasonable jurists would agree

16  that the petition must be dismissed with prejudice under the doctrine of res judicata.

18  <u>ORDER</u>

19  This habeas corpus action **is DISMISSED with prejudice** pursuant to the doctrine of res judicata.

20  As required by FED. R. CIV. P. 58(a), *see Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013), the

21  final judgment in favor of respondent and against petitioner will be issued by separate document.

22  A certificate of appealability is **DENIED**.  This is a final order, but it will not be appealable unless

23  petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.

26  DATED:        April 27, 2015

_____
VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

8